IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TODD LOPEZ, as Personal Representative of the Estate of APOLINAR JAQUEZ GARCIA; CYNTHIA GUERECA; and ESMERALDA RAMOS QUIRINO, on behalf of her minor Child, A.J.J.R.,**

No. _____

      **Plaintiffs,**

v.

**EOG RESOURCES, INC.,**

      **Defendant.**

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant EOG Resources, Inc. ("Defendant" or "EOG"), hereby removes this action from the First Judicial District Court, County of Santa Fe, State of New Mexico, to the United States District Court for the District of New Mexico. As detailed below, removal is appropriate because Plaintiffs have, in bad faith, maintained a claim on behalf of a diversity destroying plaintiff despite having no apparent intention of ever seeing that claim through to trial. Instead, Plaintiffs initiated and maintained this claim for the exclusive purpose of preventing EOG from removing this action to federal court. Indeed, had EOG not identified and acted upon Plaintiffs' furtive effort to abandon this claim without EOG noticing, Plaintiffs' effort would almost certainly have been successful. In further support of its removal of this action, EOG states as follows:

## INTRODUCTION

1.      This is a wrongful death and loss of consortium action commenced by Plaintiffs Todd Lopez, Cynthia Guereca, and Esmeralda Ramos-Quirino against Defendant EOG Resources, Inc. through the filing of a Complaint in the First Judicial District, County of Santa Fe, State of New Mexico, on April 6, 2020. *See* Ex. A. After filing their initial complaint, Plaintiffs later amended their allegations through the filing of a First Amended Complaint, and a Second Amended Complaint. *See* Exs. F, K.

2.      According to Plaintiffs' Second Amended Complaint ("SAC"), on March 27, 2020, the decedent, Apolinar Jacquez Garcia ("Garcia") was working as a truck driver hauling produced water between the Hearns and Lomas Rojas water reuse sites which are located in Eddy County, New Mexico, and are owned and operated by Defendant EOG. Ex. K at ¶¶ 12-16. As alleged in the SAC, at some point on the morning of March 27, Robby Conde Garza Jr. directed Garcia to vacuum up chemicals present in a chemical containment area at the Hearns water reuse facility. According to the SAC, the presence of these chemicals in Garcia's truck caused it to explode later that afternoon, which explosion resulted in Garcia's death. *Id.* at ¶ 17.

3.      The SAC further alleges that EOG was negligent in several respects and that such negligence caused Garcia's death. *Id.* at ¶¶ 23-38.

4.      As set forth in greater detail below, removal of this action is appropriate as a result of Plaintiffs' recent announcement that they do not intend to pursue, at trial of this matter, a loss of consortium claim on behalf of Plaintiff Cynthia Guereca. Ms. Guereca is a citizen of the State of Texas. As such, since inception, her presence in this lawsuit has operated to destroy complete diversity between the parties and prevent removal of this case to federal court. Shortly before trial, however, Plaintiffs informed EOG of their intention to abandon their loss of

consortium claim on behalf of Ms. Guereca. This decision, including the specific circumstances surrounding the disclosure of this information, provides a clear indication that the decision to maintain Ms. Guereca as a plaintiff in this lawsuit was a bad faith action intended solely to frustrate EOG's ability to remove of this action to federal court. *See* 28 U.S.C. § 1446(c)(1). As such, removal of this action is not barred by the otherwise applicable one-year limitation. *Id.*

## JURISDICTION AND VENUE

5.  This case is removable to federal court pursuant to 28 U.S.C.§§ 1441 and 1446 because this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. As set forth below, when Ms. Guereca is properly disregarded as a party, there exists complete diversity between the parties and the amount in controversy exceeds $75,000.

6.  Plaintiff Todd Lopez is an individual and a citizen of the State of New Mexico. Ex. K. at ¶ 1. At the time of his death, Apolinar Jacquez Garcia was a citizen of the Republic of Mexico.

7.  Plaintiff Esmeralda Ramos-Quirino and A.J.J.R, Garcia's minor child, are individuals and citizens of the Republic of Mexico. *Id.* at ¶ 3.

8.  At all times that she asserted claims in this lawsuit, Plaintiff Cynthia Guereca was a citizen of the State of Texas. *Id.* at ¶ 2.

9.  Plaintiff-in-Intervention Hilltop Specialty is a corporation organized under the laws of the State of New York with its principal place of business in the State of New York. Ex. T at ¶ 1.

10.  Plaintiff-in-Intervention American Transportation Group is a corporation organized under the laws of the State of North Carolina with its principal place of business in the State of North Carolina. Ex. S at ¶ 2.

11. Defendant EOG Resources, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Texas. Ex. K at ¶ 4.

12. Though recently dismissed from this lawsuit, former Defendant Bedrock Petroleum Consultants, LLC, is a Texas limited liability company whose member(s), upon information and belief, are all citizens of the State of Texas. *Id.* at ¶ 5.

13. Though recently dismissed from this lawsuit, at all times relevant to this lawsuit, former Defendant RCG Energy Services LLC was a Texas limited liability company whose sole member is a citizen of the State of Texas. *Id.* at ¶ 6.

14. Though recently dismissed from this lawsuit, at all times relevant to this lawsuit, former Defendant Robby Conde Garza, Jr. was an individual and a citizen of the State of Texas. *Id.* at ¶ 7.

15. Although the complaint does not state an amount of monetary relief sought by Plaintiffs, the nature of the claims and the allegations in issue demonstrate that Plaintiffs seek relief in an amount exceeding $75,000.

16. Venue for this removal action lies in the District of New Mexico pursuant to 28 U.S.C. § 1441(a) because this District includes Santa Fe County.

## PROCEDURAL BACKGROUND

17. As noted above, Plaintiffs commenced this action on April 6, 2020, through the filing of a complaint in the First Judicial District Court, Santa Fe, New Mexico. Plaintiffs in the original complaint were Todd Lopez, as personal representative of the Estate of Apolinar Jaquez Garcia, as well as Cynthia Guereca, and Esmeralda Ramos-Quirino. EOG was the sole Defendant named in the original complaint. Through its personal representative, Todd Lopez, Garcia's estate advanced a wrongful death claim pursuant to the New Mexico Wrongful Death

4

Act, 41-2-1 et seq. Ex. A at ¶ 21. Plaintiffs Cynthia Guereca and Esmeralda Ramos-Quirino have advanced claims for loss of consortium; Guereca on her own behalf in her capacity as Garcia's wife at the time of his death, and Ramos-Quirino on behalf of Garcia's minor child, A.J.J.R. *Id.* at ¶¶ 23-28.

18.     As both Cynthia Guereca and EOG are citizens of the State of Texas, Guereca's presence as a plaintiff in the lawsuit destroyed diversity and precluded EOG from removing this action to federal court. Absent Guereca's participation as a Plaintiff complete diversity of citizenship would have existed between the parties and EOG could have, and would have, removed this action to federal court.

19.     On April 6, 2021, Plaintiffs filed the SAC, which maintained the same claims on behalf of all three plaintiffs and added as defendants Bedrock Petroleum Consultants, LLC, RCG Energy Services, LLC and Robby Conde Garza, Jr. Ex. K.[1]

20.     On September 2, 2021, Plaintiffs in Intervention American Transportation Group ("ATG") and Hilltop Specialty Insurance Company ("Hilltop") moved to intervene in this action pursuant to Rule 1-024. After that motion was granted, on February 25, 2022. ATG and Hilltop each filed complaints for declaratory judgment seeking a ruling that each of ATG and Hilltop had no obligation to defend or indemnify under policies of insurance issued to Garcia's employer, Sur Transporte, Inc. Exs. S, T.

21.     For the next several months, the parties continued to litigate this case in anticipation of an August 8, 2022 trial date in state court. On Friday, July 22, 2022, Plaintiffs

---

[1]     Because these defendants are all deemed citizens of Texas for diversity purposes, their presence in this action had no effect on the diversity jurisdiction analysis. Moreover, Plaintiffs voluntarily dismissed their claims against these Defendants, which dismissal was effected by Order dated July 20, 2022. Ex. AD.

provided Defendants with a set of proposed jury instructions in advance of the July 25, 2022 deadline for submission of joint proposed jury instructions to the court. Those proposed jury instructions, however, contained no mention of any claim being asserted on behalf of Plaintiff Cynthia Guereca. Ex. AI at 55-56. On Monday July 25, 2022, in the course of a telephone conversation to discuss the jury instructions, EOG's counsel inquired as to the absence of any jury instruction relating to a claim for loss of consortium on behalf of Cynthia Guereca. Shortly thereafter, Plaintiff's counsel responded by email confirming that in fact Plaintiffs would not pursuing a loss of consortium claim on behalf of Ms. Guereca at the upcoming trial. Ex. AH.

22.     The following day, EOG's counsel emailed Plaintiffs' counsel to inquire whether, in light of their decision not to pursue her loss of consortium claim, they would dismiss Ms. Guereca as a defendant. *Id*. To date, EOG has received no response to that inquiry.

## GROUNDS FOR REMOVAL

23.     A defendant may remove any civil action brought in a state court for which the District Courts of the United States have original jurisdiction to the federal district court encompassing the place in which the action is pending. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this case by reason of diversity of citizenship and the amount in controversy, which exceeds $75,000, exclusive of interest and costs. While removal must ordinarily be sought within thirty days of the date on which the removing defendant becomes aware of the grounds for removal (28 U.S.C. § 1446(b)(3)), and in cases where federal jurisdiction is based on the diversity of the parties' citizenship – within one year of the initiation of the action (28 U.S.C. § 1446(c)(l)), those requirements do not apply where the plaintiffs have acted in bad faith in order to prevent removal. *Id.* As discussed below, Plaintiffs have acted in bad faith to thwart removal of this action to federal court. Accordingly,

6

removal is not barred by the one-year limitation set forth in 28 U.S.C. § 1446(c)(l), due to Plaintiffs' bad-faith efforts to prevent removal.

24. Defendant's removal of this action is otherwise timely under 28 U.S.C. § 1446(b)(3) because it is filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

25. Because EOG is the only named Defendant in this action, no concurrence is required under 28 U.S.C. § 1446(b)(2).

26. Because Plaintiffs have abandoned the only claim asserted on behalf of Ms. Guereca, she can no longer properly be considered a party to this case for purposes of a diversity jurisdiction analysis. And as noted above, Guereca's presence as a Plaintiff in this case has been the only thing preventing EOG from removing this action to federal court.

27. A plaintiff's bad faith efforts to prevent removal may be demonstrated by circumstantial evidence. *See Aguayo v. AMCO Ins. Co.*, 59 F. Supp, 3d 1225, 1229 (D.N.M. 2014). Here, that evidence points directly to a bad faith effort on the part of Plaintiffs to maintain Ms. Guereca's supposed loss of consortium claim up to the eve of trial for the sole purpose of preventing EOG from removing this case.

28. Plaintiffs' decision to abandon, just two weeks before trial, the only claim asserted on behalf of Ms. Guereca is strong evidence that Guereca's sole function in this lawsuit was to ensure EOG's inability to remove this action to federal court.

29. Most other cases invoking the bad faith exception to the one-year limitation period under § 1446 involve plaintiffs who are alleged to have maintained a non-diverse defendant in the action for the sole purpose of defeating diversity. *See Aguayo*, 59 F. Supp. 3d at

7

1262-63. This case is a notable exception because it involves a *plaintiff* that has maintained a claim throughout the litigation only to dismiss that claim on the eve of trial. Even more so than a plaintiff who maintains claims against a non-diverse defendant, this scenario strongly suggests bad faith and collusion on the part of Plaintiffs. Unlike a removal spoiling defendant against whom plaintiff may be unable meaningfully to evaluate the strength of his case until well after the one-year removal deadline, no such constraints exist in the case of a removal spoiling plaintiff. Indeed, Plaintiff's counsel presumably conducted a robust pre-filing investigation of Ms. Guereca's claim and decided that claim had enough merit to pursue. That makes perfect sense, as Plaintiffs have alleged that Ms. Guereca was married to Mr. Garcia at the time of his death and so would have a viable claim for loss of consortium. If Ms. Guereca or her counsel believed there was some defect in the legal or factual basis for her loss of consortium claim, there was ample time to discover such defect prior to filing, and certainly prior to the one-year removal deadline. Indeed, even giving Plaintiffs the benefit of every doubt, it strains credulity to believe that Plaintiffs, acting in good faith, discovered some fatal defect in Ms. Guereca's claim just days before trial.

30.     There is simply no legitimate reason why a plaintiff acting otherwise than in bad faith and for the sole purpose of preventing removal would wait until the eve of trial to drop a claim for loss of consortium. At the very least, this fact pattern strongly suggests either: (a) that Mr. Guereca's co-plaintiffs and/or her counsel used her for the sole purpose of ensuring they might remain in their preferred forum, only to drop her claim on the eve of trial, or (b) some degree of collusion by which Ms. Guereca agreed to play the role of removal spoiler knowing that her supposed claim would be conveniently jettisoned just prior to trial. *See id*. at 1252, n. 11

(describing possible collusive scenarios intended to defeat diversity jurisdiction).[2] Either way, the scenario points ineluctably to a bad faith effort to prevent removal.

31. Moreover, the particular circumstances through which the abandonment of Ms. Guereca's claim was revealed further suggests bad faith. Rather than transparently informing EOG that they were dropping the loss of consortium claim on behalf of Ms. Guereca, Plaintiffs surreptitiously omitted her loss of consortium claim from their proposed jury instructions, leaving it to EOG to identify and inquire about the omission. Only in response to a direct inquiry concerning the omission of Guereca's claim from the proposed jury instructions did Plaintiffs acknowledge that Ms. Guereca's loss of consortium claim would not proceed to trial. This pattern of conduct points to an obvious hope on the part of Plaintiffs that the abandonment of Ms. Guereca's claim would go unnoticed among the voluminous proposed jury instructions and the flurry of other pre-trial activity. But there is simply no reason to be so furtive about relinquishment of a claim unless that relinquishment effectively amounts to a cover-up—the final act in a carefully orchestrated effort to deny EOG the ability to remove this case to federal court.

32. Finally, Plaintiffs' refusal, to date, to answer whether they will agree formally to dismiss Ms. Guereca as a party is further evidence of bad faith. Having abandoned the loss of consortium claim on behalf of Ms. Guereca (the only claim advanced on her behalf), there is no reasonable basis on which to refuse to enter a formal dismissal other than as part of a further attempt to obfuscate and frustrate EOG's removal efforts.

---

[2] Even a modicum of discovery would resolve any question surrounding these allegations. At a short deposition, Mr. Guereca could be asked, without violating attorney-client privilege, why her claims for loss of consortium were dropped on the eve of trial.

## CONCLUSION

33. EOG is filing a copy of this Notice of Removal with the clerk of the First Judicial District Court of the State of New Mexico for the County of Santa Fe and serving a copy on Plaintiffs as required by 28 U.S.C. § 1446(d). As required by 28 U.S.C. § 1446(a), EOG is filing with this Notice of Removal "a copy of all process, pleadings, and orders served upon" EOG in the action. Pursuant to D.N.M.LR-Civ. 81.1(a), EOG will file "legible copies of records and proceedings from the state court action within twenty-eight (28) days after filing [this] notice of removal."

**WHEREFORE**, EOG respectfully requests removal of this case from the First Judicial District Court of the State of New Mexico in the County of Santa Fe to this Court.

DATED: July 28, 2022

Respectfully submitted,

*/s/ John C. Anderson*
John C. Anderson
Judd C. West
Julia Broggi
**HOLLAND & HART LLP**
110 North Guadalupe, Ste. 1
Santa Fe, NM  87501
Tel: (505) 988-4421
Fax: (505) 983-6043
jcanderson@hollandhart.com
jcwest@hollandhart.com
jbroggi@hollandhart.com

and

Michael W. Magee
Mark M. Appling
**MEHAFFYWEBER**
One Allen Center
500 Dallas Street, Ste. 2800
Houston, TX  77002
Tel: (713) 210-8955

Fax: (713) 655-0222
michaelmagee@mehaffyweber.com
markappling@mehaffyweber.com

and

Matthew S. Rappaport
**MILLER STRATVERT P.A.**
P.O. Box 25687
Albuquerque, NM 87125
Tel: 505-842-1950
mrappaport@mstlaw.com

*Counsel for Defendant EOG Resources, Inc.*

### CERTIFICATE OF SERVICE

I certify that on July 28, 2022, I filed the foregoing through the Court's CM/ECF filing program, and served the following counsel by electronic mail:

Chad Inderman
Pedro Leyva, Jr.
GLASHEEN, VALLES, & INDERMAN, LLP
P.O. Box 1976
Lubbock, TX 79408
(806) 776-1331
inderman@glasheenlaw.com
pedro.leyva@glasheenlaw.com

David J. Jaramillo
JARAMILLO LAW FIRM, PC
505 Roma Ave. N.W.
Albuquerque, NM 87102
david@djnmlaw.com

Rosalind B. Bienvenu
Justin R. Kaufman
DURHAM, PITTARD & SPALDING, L.L.P.
505 Cerrillos Road, Suite A209
Santa Fe, NM 87501
rbienvenu@dpslawgroup.com
jkaufman@dpslawgroup.com
(505) 986-0600

*Counsel for Plaintiffs*

Amy E. Headrick
Nicholas W. Chiado
BUTT THORNTON & BAEHR, P.C.
P.O. Box 3170
Albuquerque, NM 87190-0777
(505) 884-0777
aeheadrick@btblaw.com
nwchiado@btblaw.com

***Counsel for American Transportation Group Insurance Risk Retention Group, Inc.***

Courtenay L. Keller
Taryn M. Kaselonis
RILEY, SHANE & KELLER, P.A.
3880 Osuna Road N.E.
Albuquerque, NM 87109
(505) 883-5030
ckeller@rileynmlaw.com
tkaselonis@rileynmlaw.com

***Counsel for Plaintiff-in-Intervention Hilltop Insurance Company***